**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Eastern Division**

In re:   Robert M. Lewis, Jr. and                    Case No. 12-35815-KLP
         Linda S. Lewis,                             Chapter 11
                  Debtors.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the objection of Debtors Robert M. Lewis, Jr. and Linda S.

Lewis to the claim filed by American Express Centurion Bank.  After considering the

evidence and the arguments of the parties, the Court finds that the objection must be

sustained and the claim disallowed.

**Background and Positions of the Parties**

Debtors filed their chapter 11 case on October 8, 2012.  The case was designated

a small business case, pursuant to § 101(51C)[1] of the Bankruptcy Code.  Debtors' chapter

11 plan was confirmed on May 10, 2013.  The confirmed plan provides for the payment

of general unsecured creditors at one hundred percent of their allowed claims, without

interest.

American Express Centurion Bank ("American Express") filed a proof of claim in

Debtors' case on November 15, 2012, asserting an unsecured claim in the amount of

$67,927.75.  The basis for the claim was amounts due on an American Express Rewards

Plus Gold Card (the "Credit Card"), a revolving account opened in 1987 in the name of

Dr. Robert Lewis.  The parties have stipulated that the American Express cause of action

accrued on November 16, 2007, the date of the last payment made on the account.

Debtors filed an objection to the American Express claim on October 21, 2013

(the "Objection").  In the Objection, Debtors assert that the American Express claim

---

[1] Unless otherwise noted, all references to the Bankruptcy Code are to 11 U.S.C. §§ 101-1532.

should be disallowed because its collection is time-barred by Virginia's three-year statute

of limitations for oral contracts. Va. Code Ann. § 8.01-249(4)

American Express responds by arguing that the defense of statute of limitations is

an affirmative defense and that the burden of proving its applicability lies with the party

asserting it, in this case the Debtors. It points to Rule 3001(f) of the Bankruptcy Rules,

Fed. R. Bankr. P. 3001(f), which provides that a claim filed in accordance with the

Bankruptcy Rules is *prima facie* evidence of the validity and amount of the claim.

American Express maintains that Debtors have not produced sufficient evidence to

deprive the claim of its *prima facie* validity and thus shift the burden of proof to

American Express.

American Express contends that the agreement between the parties explicitly

states that the law of Utah governs. It asserts that its claim is for a credit card debt based

upon a written contract and is therefore subject to Utah's six-year limitations period for

written contracts, Utah Code Ann § 78B-2-309. American Express argues that the Utah

six-year statute of limitations does not bar enforcement of American Express's claim

because the last payment by Debtor Robert Lewis (Debtor) was within the six-year period

prior to the October 8, 2012, filing of the Debtors' bankruptcy case.

American Express also argues that even if Utah law is not applicable,

enforcement of its claim would be allowed pursuant to the Virginia five-year statute of

limitations for written contracts, as provided in Va. Code Ann. § 8.01-246(2). It disputes

Debtors' contention that the claim is based on an oral contract that would be therefore

barred by the three-year statute of limitations of Va. Code Ann. § 8.01-246(4).

2

## Conclusions of Law and Additional Facts

American Express concedes that if Virginia's three-year statute of limitations is

applicable, then its claim is time-barred and should be disallowed.  Therefore, the Court

must determine which statute of limitations applies.

*Does the Utah statute of limitations apply?*

American Express bases its assertion that Utah's six-year statute of limitations

applies on two provisions contained in a document entitled "Agreement Between

Rewards Plus Gold Card Member and American Express Centurion Bank" (the

"Cardholder Agreement").  Those provisions are as follows:

> **Welcome to American Express Cardmembership**  This
> document and the accompanying supplement(s) constitute your
> Agreement.  Please read and keep this Agreement. Abide by its
> terms. When you keep, sign or use the Card issued to you
> (including any renewal or replacement Cards), or you use the
> account associated with this Agreement (your "Account"), you
> agree to the terms of this Agreement.
>
> **Applicable Law**  This Agreement and your Account, and all
> questions about their legality, enforceability and interpretation, are
> governed by the laws of the State of Utah (without regard to
> internal principles of conflicts of law), and by applicable federal
> law. We are located in Utah, hold your Account in Utah, and
> entered into this Agreement with you in Utah.

In October 2004, Debtor upgraded his card to "Rewards Plus."  At that time, a

copy of the Cardholder Agreement was sent to Debtor along with the actual credit cards.

The Cardholder Agreement was not signed by either party.  It did not contain a signature

on behalf of American Express, and no signature was requested of Debtor.  American

Express relies upon the language included in the Cardholder Agreement that use of the

Credit Card constitutes acceptance of its terms, [2] including the provision applying the

laws of the State of Utah.  It disagrees with Debtors' assertion that conflicts of law

principles dictate the application of Virginia's statute of limitations.

The Supreme Court has established that a federal court sitting in diversity

jurisdiction must apply the choice of law rules of the forum in which the court sits.

*Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  In *Compliance Marine, Inc.*

*v. Campbell (In re Merritt Dredging Co.)*, 839 F.2d 203, 206-07 (4th Cir. 1988), the

Fourth Circuit extended that principle to bankruptcy cases:

> The question of what choice of law rules should be applied by a bankruptcy court presents another wrinkle. Although bankruptcy cases involve federal statutes and federal questions, a bankruptcy court may, as here, face situations in which the applicable federal law incorporates matters which are the subject of state law. It is clear that a federal court in such cases must apply state law to the underlying substantive state law questions. Whether a court in such a situation must apply the conflicts rule of the forum state in determining which state's law to apply or may choose the applicable state law as a matter of independent federal judgment, however, has remained an open question. *See* 1A Moore's Federal Practice ¶ 0.325 (2d ed. 1985). We believe, however, that in the absence of a compelling federal interest which dictates otherwise, the *Klaxon* rule should prevail where a federal bankruptcy court seeks to determine the extent of a debtor's property interest.

> The argument for applying the *Klaxon* rule to state law questions arising in bankruptcy cases is compelling. A uniform rule under which federal bankruptcy courts apply their forum states' choice of law principles will enhance predictability in an area where predictability is critical. Most important, such a rule would accord with the model established by *Erie* and *Klaxon*. Both those cases make clear that federal law may not be applied to questions which arise in federal court but whose determination is not a matter of federal law: "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Erie*, 304 U.S. at 78, 58 S.Ct. at 822. Such is the case with questions regarding the extent of a

---

[2] Debtors do not contest that the Credit Card was used after Debtor received the actual physical credit cards in 2004.

bankruptcy debtor's property interests. "Property interests are
created and defined by state law. Unless some federal interest
requires a different result, there is no reason why such interests
should be analyzed differently simply because an interested party
is involved in a bankruptcy proceeding." *Butner*, 440 U.S. at 55, 99
S.Ct. at 918. It would be anomalous to have the same property
interest governed by the laws of one state in federal diversity
proceedings and by the laws of another state where a federal court
is sitting in bankruptcy. Because no overwhelming federal policy
requires us to formulate a choice of law rule as a matter of
independent federal judgment, we adopt the choice of law rule of
the forum state, South Carolina.

*Id.* Accordingly, in this case, the Court must apply the conflict of law rules of the

Commonwealth of Virginia.

Under Virginia conflict of law principles, the parties' choice of law provision will

be enforced, provided that it reasonably relates to the purpose of the agreement and only

to the extent that the question is one of substantive law. *Hooper v. Musolino*, 234 Va.

558, 566, 364 S.E.2d 207, 211 (1988). As to all matters of procedure, Virginia courts

will apply the law of Virginia. *Id.* Statutes of limitations are "considered matters of

procedure in Virginia courts, unless they are so bound up with the substantive law of a

claim that the limitations period is itself considered substantive." *RMS Tech., Inc. v. TDY*

*Indus., Inc.*, 64 Fed. Appx. 853, 857 (4th Cir. 2003) (citing *Jones v. R.S. Jones and*

*Assoc., Inc.*, 246 Va. 3, 431 S.E.2d 33, 35 (Va. 1993)). *See also Want v. St. Martin's*

*Press LLC*, No. 1:12cv908 (LMB/TRJ), 2012 WL 5398887 (E.D. Va. Nov. 1, 2012):

As defendant correctly argues, any claim under a theory of breach
of either a written or unwritten contract is time-barred. Although
the contract included a choice-of-law provision stipulating that
"[t]his [a]greement, and the rights and remedies of the parties with
respect to it, shall be governed by the internal laws of the State of
New York," Mot. to Dismiss, Ex. 1 at ¶ 28, Virginia's statute of
limitations applies because Virginia generally treats statutes of
limitations as procedural, such that they apply to civil actions

5

based on contracts governed by a separate source of substantive
law.

*Id*., at *2.  Therefore, the statutes of limitations of the Commonwealth of Virginia are

applicable in this case, and Utah statutes of limitations do not apply.

American Express argues that the provision in the Cardholder Agreement that

Utah law applies "without regard to internal principles of conflicts of law" requires this

Court to refrain from applying Virginia statutes of limitations, citing *Education*

*Resources Institute, Inc. v. Orndorff,* Case No. CL-2008-4995, 2008 Va. Cir. Lexis 176

(Fairfax Cnty. Va Cir. Ct. Dec. 18, 2008).  In *Orndorff*, a promissory note between the

parties provided that it would be governed by "federal laws and the laws of the state of

Ohio, without regard to conflict of law rules."  The court found that the

procedural/substantive distinction of *Hooper v. Musolino* was inapplicable in light of the

language "without regard to conflict of law rules," finding that the language was "a

contractual exclusion of the substantive law/procedural law distinction" and that "[t]he

language means that the parties agree to use the law of Ohio completely, without regard

to what the procedural rules might be in the forty-nine other states." *Id*., at *3.

The Court is aware of no Virginia precedent other than that set forth in *Orndorff*

that deviates from the substantive/procedural distinction set forth in *Hooper v. Musolino*

and *RMS Technology*.  In light of the clear statement in *Hooper v. Musolino* that "[u]nder

settled choice-of-law principles . . . we will apply our own law in matters that relate to

procedure," 234 Va. at 566, this Court declines to adopt the *Orndorff* opinion.

Moreover, the Court finds the language in the Cardholder Agreement referring to

conflicts of law to be ambiguous, as its intended meaning is unclear.  Under Virginia law,

ambiguous language must be construed against the drafter. *Hamden v. Total Car*

6

*Franchising Corp.*, 548 Fed. Appx. 842, 846 (4th Cir. 2013).  In *Hamden*, the Fourth

Circuit cited the case of *Doctors Co. v. Women's Healthcare Associates, Inc.*, 285 Va.

566, 740 S.E.2d 523 (2013), in which the Virginia Supreme Court noted that "[w]e have

consistently held that in the event of an ambiguity in the written contract, such ambiguity

must be construed against the drafter of the agreement." *Id*. at 573, 740 S.E.2d at 526

(citation omitted).  The Court will not rely upon the ambiguous language of the

Cardholder Agreement as a basis for abandoning Virginia's clearly-stated rule to apply

Virginia law to procedural matters.

*Which Virginia statute of limitations applies?*

Having determined that the Utah statute of limitations is inapplicable, the

remaining question before the Court is whether the agreement between Debtor and

American Express is in the nature of a written contract.  Va. Code Ann. § 8.01-246

provides that:

> Subject to the provisions of § 8.01-243 regarding injuries to person
> and property and of § 8.01-245 regarding the application of
> limitations to fiduciaries, and their bonds, actions founded upon a
> contract, other than actions on a judgment or decree, shall be
> brought within the following number of years next after the cause
> of action shall have accrued: . . .
>      2. In actions on any contract which is not otherwise
> specified and which is in writing and signed by the party to be
> charged thereby, or by his agent, within five years whether such
> writing be under seal or not; . . .
>      4. In actions upon any unwritten contract, express or
> implied, within three years.

If the five-year limitations period of Va. Code Ann. § 8.01-246(2) applies, the claim is

not barred by the Virginia statute of limitations, but if the three-year period of Va. Code

Ann. § 8.01-246(4) applies, American Express is barred from enforcing its claim against

Debtors.

Whether an agreement is an oral contract or a written and signed contract for purposes of the statute of limitations has become more difficult to discern in the electronic age. When Va. Code Ann. § 8.01-246 was enacted in 1977, documents were not typically exchanged or executed electronically. Nevertheless, despite the advent of various methods now used to obtain written signatures or acknowledgements to legal documents delivered electronically, American Express did nothing to secure Debtor's written signature on the Cardholder Agreement.

American Express relies upon language in the Cardholder Agreement indicating that Debtor's use of the Credit Card is deemed to be acceptance of the terms of the Cardholder Agreement. American Express cites abundant authority that it claims establishes that there is a legally binding agreement between the parties. However, the issue is not whether the actions of the parties created a binding contract.[3] The issue is whether the transaction between the parties created a <u>written</u> contract for the purpose of determining the appropriate statute of limitations. Case law on the issue is scant. American Express cannot direct the Court to a case in which a Virginia court has found that an unsigned document constitutes a written contract subject to the five-year statute of limitations. It instead relies on an advisory opinion of the Virginia Attorney General. In 2011, in response to an inquiry as to "whether credit card agreements governed by the laws of Virginia are written contracts for statute of limitations purposes under [Va. Code Ann.] § 8.01-246, even though the terms of the contract are found in a series of documents, at least one of which is signed by the cardholder," the Virginia Attorney General opined that:

---

[3] It does not appear that Debtors dispute that there was a valid contract between the parties, nor is there a dispute as to the amount claimed by American Express.

> It is my opinion that the statute of limitations for written contracts
> applies to credit card agreements in the situation where the
> agreement consists of a series of documents, provided that at least
> one of the documents referencing and incorporating the others is
> signed by the cardholder, and also provided that the written
> documents evidencing the agreement contain all essential terms of
> the agreement.

Op. Va. Att'y Gen. No. 10-128, 2011 WL 565650 (Feb. 7, 2011).[4]  American Express

argues that this language mandates that the Court find the contract at issue here to be a

written contract.

The plain language of § 8.01-246(2) requires that a contract be "in writing and

signed by the party to be charged thereby" in order to have the five-year statute of

limitations apply.  The Attorney General's advisory opinion contains that same

requirement, *i.e.*, "that at least one of the documents referencing and incorporating the

others is signed by the cardholder." 2011 WL 565650, at *1.  In this case, the party to be

bound is the Debtor.  There is no document signed by Debtor that has been offered in

evidence in this case.  There being no evidence of any signed document referencing and

---

[4] Va. Code Ann. § 2.2-505 gives the Attorney General the authority to give advice and render
advisory opinions under certain prescribed guidelines:
> A. The Attorney General shall give his advice and render official advisory
> opinions in writing only when requested in writing so to do by one of the
> following: the Governor; a member of the General Assembly; a judge of a court
> of record or a judge of a court not of record; the State Corporation Commission;
> an attorney for the Commonwealth; a county, city or town attorney in those
> localities in which such office has been created; a clerk of a court of record; a
> city or county sheriff; a city or county treasurer or similar officer; a
> commissioner of the revenue or similar officer; a chairman or secretary of an
> electoral board; or the head of a state department, division, bureau, institution or
> board.
> B. Except in cases where an opinion is requested by the Governor or a member
> of the General Assembly, the Attorney General shall have no authority to render
> an official opinion unless the question dealt with is directly related to the
> discharge of the duties of the official requesting the opinion. Any opinion
> request to the Attorney General by an attorney for the Commonwealth or
> county, city or town attorney shall itself be in the form of an opinion embodying
> a precise statement of all facts together with such attorney's legal conclusions.

incorporating the agreement between the parties, the Court must find that Va. Code Ann

§ 8.01-246(2) is inapplicable and the appropriate statute of limitations is three years.[5, 6]

By establishing the date of the accrual of the cause of action and the absence of

any writing signed by the Debtor, Debtors have carried their burden of proving the

affirmative defense of the three-year statute of limitations for oral contracts contained in

Va. Code Ann. § 8.01-246(4).  American Express has not succeeded in establishing that

the five-year statute of limitations of Va. Code Ann. § 8.01-246(2) for written contracts

applies.  Therefore,

IT IS ORDERED that the objection of Debtors Robert M. Lewis, Jr. and Linda S.

Lewis to the claims of American Express Centurion Bank is SUSTAINED and the claim

is DISALLOWED.

Signed: September 26, 2014

                                                /s/Keith L. Phillips
                                       United States Bankruptcy Judge

Entered on Docket:  September 26, 2014

---

[5] While it is true that modern technology has in many cases obviated the handwritten signature on a physical document, there are still many other ways in which parties may establish a signed writing.  This is contemplated in the opinion of the Attorney General addressing § 8.01-246.  The Attorney General remarked that "the signature requirement is met by the consumer's electronic or physical signature on the credit card application, on purchase transaction slips and on the back of a credit card containing reference to the credit card agreement."  Again, in this case, the Court has before it no such evidence.

[6] American Express also cites this Court's opinion in *Cohen v. Un-Ltd. Holdings, Inc. (In re Nelco, Ltd.)*, 264 B.R. 790 (Bankr. E.D. Va. 1999).  However, in that case the document was clearly signed by the party sought to be bound, unlike the case before this Court.  In *Nelco*, the court found that "[i]n order for a writing to satisfy the statute of limitations writing requirement, the contract 'must show on its face a complete and concluded agreement between the parties. Nothing must be left open for future negotiation and agreement: otherwise it cannot be enforced.'" *Id*. at 803-04 (quoting *Marley Mouldings, Inc. v. Suyat*, 970 F.Supp. 496, 498 (W.D. Va. 1997)).  In *Nelco*, the court's focus was upon whether the signed document at issue was a complete agreement between the parties, with nothing else left to be negotiated, thus making it a written contract for purposes of Virginia's statute of limitations.  As this Court has found that there is no signed agreement between Debtor and American Express, as required by Va. Code Ann. § 8.01-246(2), it is not necessary to address the *Nelco* "complete agreement" issue.

Copies:

Harry W. Jernigan
Jeffrey S. Anderson
Harry Jernigan CPA Attorney, P.C.
6800 Paragon Place, Suite 234
Richmond, VA 23220

Michael Todd Freeman
Johnie Rush Muncy
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

Linda S. Lewis
P.O. Box 72
Bracey, VA 23919

Robert M. Lewis, Jr.
P.O. Box 72
Bracey, VA 23919